NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant,*

*v.*

JAMIE MICHELLE WHITLEY, *Appellee.*

Nos. 1 CA-CR 23-0179, 1 CA-CR23-0183, 1 CA-CR 23-0190
CONSOLIDATED
FILED 4-9-2024

Appeal from the Superior Court in Maricopa County
Nos. CR 2001-009544, CR 2001-003962, CR 2005-032422-001
The Honorable Sam J. Myers, Judge

**REVERSED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Peter J. Christensen
*Counsel for Appellant*

Jamie Michelle Whitley, Glendale
*Appellee*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which
Presiding Judge Andrew M. Jacobs and Judge Jennifer M. Perkins joined.

_____

**W E I N Z W E I G**, Judge:

**¶1**           The State appeals the superior court's order to seal Jamie
Whitley's criminal records. We reverse because the records are ineligible
to be sealed until May 11, 2028.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**           Between 2001 and 2005, Whitley was convicted of three class
4 felonies including two counts of possession of dangerous drugs and one
count of forgery. She was later convicted of one count of theft of means of
transportation in 2005 and one count of attempt to commit possession of
dangerous drugs for sale in 2006, both class 3 felonies. We have no official
record of the 2005 or 2006 convictions, but Whitley has not disputed either
conviction.

**¶3**           Whitley was discharged from probation in September 2004,
and discharged from Arizona Department of Corrections, Rehabilitation
and Reentry supervision on May 11, 2013. She later petitioned the superior
court to seal the records from her class four felonies in January 2023. The
State objected, arguing that Whitley was still ineligible to have the records
from her class four felonies sealed because (1) she was later convicted of
two class three felonies in 2005 and 2006, each with the historical prior
felony convictions; and (2) she was only discharged from those convictions
in May 2013.

**¶4**           Whitley did not reply to the State's objection or dispute the
State's description of her criminal record. The superior court still granted
Whitley's petitions. The State timely appealed the orders and we
consolidated all three matters.

## JURISDICTION

**¶5**           We have an independent obligation to ensure we have
jurisdiction. *Ochoa v. Bojorquez*, 245 Ariz. 535, 535–36, ¶ 2 (App. 2018). The
State contends we have jurisdiction under A.R.S. § 13-4032(4), which grants

the State a right to appeal from "[a]n order made after judgment affecting the [State's] substantial rights[.]" *See* Ariz. Const. art. 6, § 9. We agree that § 13-4032(4) applies and we have jurisdiction because § 13-911 limits the cases that may be sealed and permits the State to object to a petition to seal. *See* A.R.S. § 13-911(D); *cf. State v. Santillanes*, 256 Ariz. 480, 484–87, ¶¶ 13–22, 29 (2024) ("The state's substantial and direct involvement allows it to review and take legal measures to ensure that only those specified offenses are expunged. No reason appears why the electorate would grant the state a significant role in the expungement process, yet simultaneously create a process that implicitly eliminates the state's appeal rights.").

## DISCUSSION

**¶6**        We review the superior court's decision to seal records for an abuse of discretion. *Center for Auto Safety v. Goodyear Tire & Rubber Co.*, 247 Ariz. 567, 571, ¶ 16 (App. 2019). A court abuses its discretion if, "in reaching its decision, it applies an erroneous rule of law." *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009).

**¶7**        This case turns on A.R.S. § 13-911, which governs the sealing of criminal records. When interpreting a statute, "we give words their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended." *State v. Luviano*, 255 Ariz. 225, ¶ 10 (2023) (citation omitted). Subsection E of that statute authorizes a court to seal a defendant's criminal records if she (1) completes "all of the terms and conditions of [her] sentence, including paying all fines, fees and restitution that are ordered by the court," (2) waits the statutory "period of time" after she "complete[s] the conditions of probation or sentence," and (3) is discharged by the court. A.R.S. § 13-911(E).

**¶8**        Whitley moved to seal the criminal records from her first three felony convictions between 2001 and 2005 (each class 4). Section 13-911(G) directs that "[a] person who is convicted of two or more offenses may not petition the court to seal the person's case records until the period of time prescribed in subsection E of this section has passed for each conviction." A.R.S. § 13-911(G). The statutory waiting period for a class 3 felony is ten years, while the waiting period for a class 4 felony is five years. A.R.S. § 13-911(E). But five more years must be added if the defendant has a "prior historical felony conviction." A.R.S. § 13-911(F).

**¶9**        Because of her class three felony convictions in 2005 and 2006, Whitley cannot have the criminal records sealed from her class 4 felony convictions until May 11, 2028. Whitley completed her sentences for the

class three felonies on May 11, 2013.  To have her criminal records sealed, she must wait fifteen years—ten years from May 11, 2013, plus five more years because of her later class three felony convictions in 2005 and 2006.

## CONCLUSION

¶10      We reverse.  This ruling is without prejudice, allowing for Whitley to file a new motion to seal her records after May 11, 2028.



AMY M. WOOD • Clerk of the Court
FILED:      AA

4